No. 2658

Second Circuit

———

## GREENE ET AL. v. DELAFIELD

———

(April 5, 1929. Opinion and Decree.)
(May 8, 1929. Rehearing Refused.)

———

Lee and Lindsey, of Minden, attorneys for plaintiffs, appellees.

L. K. Watkins, of Minden, attorney for defendant, appellant.

REYNOLDS, J. Plaintiffs seek judgment against defendant for $1115.35 with legal interest thereon from judicial demand, for this, to-wit: $911.35 as the manufactured value of 36,434 feet of timber, board measure, cut by him from their land and converted into lumber, diminution in value of 72,000 feet of timber, board measure, left on the land, uncut, $25, cost of having the lines around the land surveyed and established, and $35, cost of having the timber cut and uncut surveyed and scaled.

They allege that the cutting, removal and manufacturing was done in bad faith.

In the alternative, they seek judgment against defendant for $446.27, which amount is made up of the last two items and of two other items, namely: $182.27, value of 36,454 feet of timber, board measure, cut and removed from the land, and $204, diminution in value of timber left uncut.

Defendant admitted the cuttting and removal and manufacture but denied that it was done in bad faith and alleged that it was done in the belief that he had the right to do it, and denied that the timber cut was worth the value put on it or that the timber left uncut had been damaged and denied that he was liable for the cost of surveying or scaling.

On these issues the case was tried and there was judgment in favor of plaintiffs and against defendant for $612, with legal interest thereon from judicial demand, and defendant has appealed.

## OPINION

Plaintiffs allege bad faith on the part of defendant in cutting and removing the timber and defendant, in his answer, animadverts on plaintiffs and their attorneys; but the evidence does not show bad faith on the part of defendant or justify defendant's criticisms of plaintiffs or their attorneys.

Plaintiffs seek to recover the value of the timber cut and removed in its manufactured state on the theory that the cutting and removal were in bad faith; but the only fact proved by them in support of that contention was that defendant was without title to the timber. However, this fact alone is insufficient to prove bad faith.

"The law presumed against fraud. Where acts are susceptible of two constructions, one consistent with honesty and fair dealing, and the other odious and criminal, the burden of proof is on the one who charges the latter, and wishes the court to think the odious and criminal one is true."

Barlaw vs. Harrison, 51 La. Ann. 875. 25 So. 378.

Defendant testified that he cut and removed the timber in the belief that he had the right to do it; he had been negotiating with plaintiffs to buy it and thought he had bought it, and was to pay for it at the price of $2.50 per thousand feet, board measure. His testimony on this point is to some extent corroborated by that of T. F. Hearn, who testified to a conversation he had with J. L. McInnis, one of the plaintiffs, and that:

"Q. Do you remember an occasion when Mr. J. L. McInnis was in Sarepta and spoke to you about a message to Mr. Delafield?

"A. Yes, sir..

"Q. Do you remember what the message was that you delivered to Mr. Delafield?

"A. He asked me what Mr. Delafield was doing, and I told him that he was planning on putting in a small mill, and he says 'that is a mighty foolish thing to do' but to tell him that he had some timber he wanted to sell him, and I told him.

\* \* \* \* \*

"Q. Did you deliver that message to Mr. Delafield?

"A. Yes, sir. I saw him, I think, the same day, or it might have been the next day."

It is obvious that defendant was aware plaintiffs were looking after their timber and that he could not cut and remove it without their becoming aware of it; and therefore it is altogether improbable that he would have attempted to do so, even on the theory that he would have cut and removed the timber if he could have done so without their knowing it. And it is also obvious that defendant knew the tim-

ber was for sale and that he could buy it at a fair price and that he thought he had arranged to cut and remove it and pay for it afterwards. And as to the price, he knew that if he cut before this was agreed on he would be at a disadvantage in bargaining, and we are satisfied that he believed that the price plaintiffs would name would not be unreasonable. The evidence shows that plaintiffs, or at least some of them, were willing to accept $4 per thousand feet, board measure, for the timber cut, a fair price according to the evidence, if the cutting was not in bad faith, and it is not probable that they would have been willing to accept less than manufactured value had they believed defendant was seeking to get their property without paying for it.

The evidence convinces us that defendant cut and removed the timber and manufactured it into lumber in good faith and with the intention of paying for it at its fair stumpage value, and therefore the only question in the case left to be determined is the amount of plaintiffs' damage.

Plaintiffs' evidence shows that they had been offered $4 per thousand feet, stumpage, for the timber, and would have accepted that price for it had it not been that the intending buyer wanted to pay for it not its estimated quantity as it stood growing on the land, but the quantity it actually measured after being sawn into boards. Plaintiffs wanted the price ascertained from the estimated stumpage.

Plaintiffs' witnesses put the stumpage value of the timber cut at $5 per thousand feet, while defendant's witnesses fixed it at from $1.50 to $3. Taking the average of the maximum value put on it by defendant's witnesses and the value put on it by plaintiffs' witnesses, we think that

the value of the stumpage should be placed at $4 per thousand feet. To this should be added $1 per thousand feet, which amount, the evidence shows, was the net profit per thousand feet on the manufactured value of the timber. And we conclude that plaintiffs should have judgment on the basis of $5 per thousand feet for the 36,454 feet of timber cut and removed from their land and manufactured into lumber by defendant.

As to the diminution in value of the timber on the land left uncut by defendant, and for which plaintiffs claim $2 per thousand feet, the evidence shows this diminution does not exceed 50 cents per thousand feet, and that plaintiffs are only entitled to recover $36 on this score.

We do not think plaintiffs are entitled to recover either the cost of establishing the boundaries of their land or expense of having the timber cut and uncut estimated in board measure. They are presumed to know the boundaries of their land and cannot exact of defendant the cost of having these established. Besides, both items were expenses incidental to preparing their case for trial and for which defendant is not liable. Had plaintiffs sold the timber to defendant or any one else they would necessarily have been at the same expense since the purchaser would have been entitled to have the boundaries of their land pointed out to him and they would have had to have the stumpage estimated in order to ascertain how much the buyer should pay them.

Plaintiffs contend that inasmuch as the trial judge allowed $612 as damages he necessarily must have found as a fact from the evidence that defendant was in bad faith.

We cannot concur in this conclusion. The manufactured value of the timber was

shown to be about $20 per thousand feet, and had the Court believed he was in bad faith it doubtless would have rendered judgment against him for over seven hundred dollars, for the timber cut, to say nothing of the other items of damage sued for.

Under all the evidence, we think plaintiffs are entitled to judgment for the stumpage value of the timber, $4 per thousand feet, plus $1 per thousand feet, net profit on its manufactured value, on 36,454 feet, or $182.27.

They are also entitled to recover the diminution in value of the timber on the land left uncut, or $36, being 50 cents per thousand on 72,000 feet.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount of the judgment awarded plaintiffs from $612 to $218.27, and that as amended, the judgment appealed from be affirmed.

Defendant to pay the costs of the lower court, plaintiffs to pay the cost of the appeal.